UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-09-JD |
| | ) | |
| KRISTINA M. BLAKE | ) | |

## PLEA AGREEMENT

Pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America by its attorneys, Scott W. Murray, United States Attorney for the District of New Hampshire, and Assistant U.S. Attorney John S. Davis, and the defendant, Kristina M. Blake, and the defendant's attorney, Patrick Richard, Esquire, enter into the following Plea Agreement:

1. <u>The Plea and the Offense</u>.

The defendant agrees to plead guilty to Count 1 and Count 2 of the Indictment. Count 1 charges her with Conspiracy to Distribute & Possess With Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Count 2 charges her with Conspiracy to Knowingly Possess Firearms in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(o).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement. The United States also agrees to move to dismiss the remaining counts against the defendant in the Indictment when the defendant is sentenced.

2. <u>The Statute and Elements of the Offense</u>.

- 1 -

With respect to Count 1, Title 21, United States Code, Section 846 provides, in pertinent part, that any person who "conspires to commit any offense defined in this subchapter" shall be "subject to the same penalties as those prescribed for the offense, the commission of which was the object of the . . . conspiracy." Further, Title 21, United States Code, Section 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally" to "distribute" or "possess with intent to . . . distribute" a "controlled substance." Finally, Title 21, United States Code, Section 841(b)(1)(A)(viii) provides that, in the case of a violation of Section 841(a)(1) involving "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers," the offender "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

> First, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to knowingly or intentionally distribute or possess with intent to distribute a controlled substance;
>
> Second, that the defendant willfully joined in that agreement; and
>
> Third, that the agreement involved a total of 50 grams or more of Methamphetamine.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, 2017 Revisions,* Instruction 4.21.846, http://www.med.uscourts.gov/pdf/crpjilinks.pdf.

As for Count 2, Title 18, United States Code, Section 924(o), provides in pertinent part that "[a] person who conspires to commit an offense under [18 U.S.C. § 924(c)] shall be imprisoned for not more than 20 years, fined under this title, or both." Further, Title 18, United States Code, Section 924(c) provides in pertinent part that any person who "in furtherance of" a

- 2 -

"drug trafficking crime . . . for which the person may be prosecuted in a court of the United States," "possesses a firearm, shall, in addition to the punishment provided for such . . . drug trafficking crime" be punished.

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

> First, that the agreement specified in the Indictment, and not some other agreement or agreements, existed between at least two people to commit the offense of possession of a firearm in furtherance of a drug trafficking crime, namely, Conspiracy to Distribute & Possess With Intent to Distribute 50 Grams or More of Methamphetamine; and
>
> Second, that the defendant willfully and intentionally joined in that agreement.

*See United States v. Rodriguez*, 525 F.3d 85, 106 (1st Cir. 2008).

3. <u>Offense Conduct</u>.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

In the early morning hours of September 19, 2018, Concord Police Officers encountered the defendant, Kristina Blake, along with Daniel Irving, in a vehicle near a Cumberland Farms store in Concord, New Hampshire. Blake and Irving were riding in the back seat of the vehicle, and were being driven by two other persons in the front seat of the vehicle. Police obtained consent to search the vehicle, and ultimately discovered that Blake and Irving were jointly engaged in distributing and possessing with intent to distribute more than 50 grams of actual methamphetamine and in possessing two firearms in furtherance of the drug trafficking conspiracy. Among items the police recovered from the vehicle and containers in it, in close proximity to where Blake and Irving were sitting, were: (1) a loaded High Standard "Sentinel"

- 3 -

.22lr revolver; (2) a loaded .380 Ruger semiautomatic pistol; (3) approximately 74 grams of actual methamphetamine, as confirmed in laboratory testing; and (4) drug paraphernalia, including a glass mirror, a digital scale, a drug ledger, syringes, and plastic baggies. One of the other persons in the car stated to police that Blake and Irving were going to pay them to drive them around; that the person had seen Irving unload and load a gun in the back seat of the car while they were driving around, and had seen Blake holding a small black pistol; that Irving had brought a lock box with him to the vehicle, and Blake brought a black "Vaultz" bag and a black backpack; that Blake and Irving carried the backpack during different stops they made that evening; that Blake handled a large amount of cash throughout the evening; and that when Irving and Blake saw the police approach they started moving stuff all over the car.

4. <u>Penalties, Special Assessment and Restitution</u>.

The defendant understands that the penalties for the offense charged in Count 1 are:

A. A maximum prison term of life and a mandatory minimum term of 10 years (21 U.S.C. § 841(b)(1)(A)(viii));

B. A maximum fine of $10 million (21 U.S.C. § 841(b)(1)(A));

C. A term of supervised release of at least 5 years (21 U.S.C. § 841(b)(1)(A)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release; and

D. A mandatory special assessment of $100, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A)).

The defendant understands that the penalties for the offense charged in Count 2 are:

A. A maximum prison term of 20 years (18 U.S.C. § 924(o));

B. A maximum fine of $250,000 (18 U.S.C. § 3571(b));

    C.    A term of supervised release of 3 years (18 U.S.C. § 3583(b)). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release; and

    D.    A mandatory special assessment of $100, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A)).

In addition to the other penalties provided by law, the Court may order the defendant to pay restitution to the victim(s) of the offense (18 U.S.C. § 3663 or § 3663A).

5.  <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that she has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or her sentence is other than she anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

    A.    Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

    B.    Respond to questions from the Court;

    C.    Correct any inaccuracies in the pre-sentence report;

    D.    Respond to any statements made by her or her counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that she may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. <u>Sentencing Stipulations and Agreements</u>.

Pursuant to Fed. R. Crim. 11(c)(1)(B), the United States and the defendant stipulate and agree to the following:

 (a) The United States will recommend that the defendant be sentenced at the bottom of the applicable advisory sentencing guidelines range, consistent with U.S.S.G. § 5G1.1(b), as determined by the Court; and

 (b) The United States will recommend that no adjustment for aggravating role, U.S.S.G. § 3B1.1, applies.

The defendant understands that the Court is not bound by the foregoing agreements and, with the aid of a pre-sentence report, the court will determine the facts relevant to sentencing. The defendant also understands that if the Court does not accept any or all of those agreements, such rejection by the Court will not be a basis for the defendant to withdraw her guilty plea.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and she is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other

penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. <u>Acceptance of Responsibility</u>.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

    A.    Fails to admit a complete factual basis for the plea at the time she is sentenced or at any other time;

    B.    Challenges the United States' offer of proof at any time after the plea is entered;

    C.    Denies involvement in the offense;

    D.    Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

    E.    Fails to give complete and accurate information about her financial status to the Probation Office;

    F.    Obstructs or attempts to obstruct justice, prior to sentencing;

    G.    Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

    H.    Fails to appear in court as required;

    I.    After signing this Plea Agreement, engages in additional criminal conduct; or

J.  Attempts to withdraw her guilty plea.

The defendant understands and agrees that she may not withdraw her guilty plea if, for any of the reasons listed above, the United States does not recommend that she receive a reduction in her sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that she has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and she has assisted the United States in the investigation or prosecution of her own misconduct by timely notifying the United States of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.  <u>Waiver of Trial Rights and Consequences of Plea.</u>

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.   The defendant also understands that she has the right:

A.  To plead not guilty or to maintain that plea if it has already been made;

B.  To be tried by a jury and, at that trial, to the assistance of counsel;

C.  To confront and cross-examine witnesses;

D.  Not to be compelled to provide testimony that may incriminate her; and

E.  To compulsory process for the attendance of witnesses to testify in her defense.

The defendant understands and agrees that by pleading guilty she waives and gives up the

foregoing rights and that upon the Court's acceptance of the his guilty plea, she will not be entitled to a trial.

The defendant understands that if she pleads guilty, the Court may ask her questions about the offense, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may be used against her in a prosecution for perjury or making false statements.

9. <u>Acknowledgment of Guilt; Voluntariness of Plea</u>.

The defendant understands and acknowledges that she:

A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because she is guilty;

B. Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D. Understands the nature of the offense to which she is pleading guilty, including the penalties provided by law; and

E. Is completely satisfied with the representation and advice received from her undersigned attorney.

10. <u>Scope of Agreement</u>.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to her about any civil or administrative consequences that may result from her guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached

without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. <u>Collateral Consequences</u>.

The defendant understands that as a consequence of his guilty plea she will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible. The defendant also understands that if she is a naturalized citizen, her guilty plea may result in ending her naturalization, which would likely subject her to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

12. <u>Satisfaction of Federal Criminal Liability; Breach</u>.

The defendant's guilty plea, if accepted by the Court, will satisfy her federal criminal

liability in the District of New Hampshire arising from her participation in the conduct that forms the basis of the Indictment in this case. The defendant understands that if, before sentencing, she violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom.

13. Waivers.

A. Appeal.

The defendant understands that she has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives her right to challenge on direct appeal:

1. Her guilty plea and any other aspect of her conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of her rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that she may have the right to challenge her guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives her right to collaterally challenge:

1. Her guilty plea, except as provided below, and any other aspect of her conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of her right to collateral review does not operate to waive a collateral challenge to her guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of her right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

14. <u>No Other Promises</u>.

The defendant acknowledges that no other promises, agreements, or conditions have been

entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15. Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16. Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

SCOTT W. MURRAY
United States Attorney

Date: 7/17/19

By: _____
John S. Davis
Assistant United States Attorney
53 Pleasant St., 4th Floor
Concord, NH 03301
John.Davis8@usdoj.gov

The defendant, Kristina M. Blake, certifies that she has read this Plea Agreement and that she fully understands and accepts its terms.

Date: 7/12/19

_____
Kristina M. Blake, Defendant

I have read and explained this Plea Agreement to the defendant, and she has advised me that she understands and accepts its terms.

Date: 7/12/19

_____
Patrick Richard, Esquire
Attorney for Kristina M. Blake